IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN THE MATTER OF THE : 
ADMINISTRATIVE INSPECTION OF: : Case No. 19-152m
Bayard Pharmacy LLC, 202 W. Lockerman :
Street, Dover, DE 19904 :

**AFFIDAVIT FOR AN ADMINISTRATIVE INSPECTION WARRANT
PURSUANT TO 21 U.S.C. § 880**

I, Alexander T. Stross, being duly sworn, deposes and states under oath:

1. I am a duly authorized Diversion Investigator of the Drug Enforcement Administration, United States Department of Justice, assigned to the Philadelphia Division Office.

2. Pursuant to 21 U.S.C. §§ 878(2) and 880(b)(1), (2), and (3), your affiant is authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (21 U.S.C. § 800, *et seq.*) ("CSA") in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under 21 U.S.C. § 827 and 21 C.F.R. § 1304.01 *et seq.*

3. BAYARD PHARMACY LLC is registered under the provisions of the CSA, 21 U.S.C. § 823 *et seq.*, as a Retail Pharmacy and has been assigned DEA registration number FB3680990 in Schedules 2, 2N, 3, 3N, 4 and 5, and is doing business at 202 W. Lockerman Street, Dover, Delaware 19904. That said place of business is a controlled premise within the meaning of 21 U.S.C. § 880(a), and 21 C.F.R. § 1316.02(c).

4. BAYARD PHARMACY LLC is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of, on the controlled premises, pursuant to 21 U.S.C. 827 and 21 C.F.R. § 1304.01 *et seq.*

1

5.  I have examined the files and records of the DEA and determined that the DEA has not inspected BAYARD PHARMACY LLC since it became a DEA registrant on February 7, 2013.

6.  Based on the foregoing, there is a valid public interest in the effective enforcement of the CSA and its implementing regulations, and a need for DEA to inspect BAYARD PHARMACY LLC, to establish a full and complete accounting of all regulated equipment and controlled substances received, manufactured, distributed, dispensed, imported, exported, compounded, or otherwise disposed of by the facility, sufficient to justify the inspection of BAYARD PHARMACY LLC. *See* 21 U.S.C. § 880(d)(1); *United States v. Prendergast*, 585 F.2d 69, 70 (3d Cir. 1978).

7.  The affiant further states that the inspection will be conducted within regular business hours, that the investigator's (agent's) credentials will be presented to the registrant, that the inspection will begin as soon as practicable after the issuance of the warrant, that it will be completed with reasonable promptness, and that the warrant will be returned within thirty (30) days.

8.  The inspection will include the inspection and copying of inventories, records, reports, order forms, invoices, and other documents required to be kept, and the inspection of all other things therein including files and documents appropriate for the verification of the records, reports (prescriptions), and documents required to be kept under the CSA, whether paper or stored on computers or electronic media. The inspection will also include the inspection and inventory of stocks of controlled substances, finished or unfinished controlled substances, pertinent equipment associated with the manufacturer, storage, transfer, and handling of controlled substances, and any applicable records or samples of controlled substances.

9. The affiant represents that the need for the inspection of BAYARD PHARMACY LLC for verifying the correctness of inventories, records, reports, and other documents required to be kept under the CSA, and the need for verifying the security provisions utilized by the registrant in storing and handling controlled substances, result from a valid public interest in the effective enforcement of the CSA and implementing regulations.

10. The affiant will be accompanied by one or more investigators who are employees of the Attorney General of the United States and who are authorized to conduct administrative inspections.

11. The administrative inspection will begin as soon as practicable after the issuance of the warrant. A return will be made to the Court upon the completion of the inspection, no later than thirty (30) days thereafter.

12. I have verified and have knowledge of the facts alleged in this affidavit and they are true and correct to the best of my knowledge.

_____
Alexander T. Stross
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this 13 day of May, 2019.

_____
United States Magistrate Judge

3